————o————

JOHN S. MAJORS' HEIRS, Respondents, vs. JEREMIAH RICE, Appellant.

1. *Practice civil—Ejectment—Special verdict.*—A suit in ejectment for a certain tract of land without claim for further relief is not one wherein special issues of fact may be submitted to the jury. (Wagn. Stat., 1040-1, §§ 11, 12, 13; 1042, §§ 20, 22.)

2. *Land and land titles—Claim founded on false field notes—Statute of limitations.*—Where one holds land up to a certain boundary as the true one, with the understanding however that he claims only to the extent of his paper title, the statute of limitations does not run in his favor, but where he claims absolutely and holds adversely to all others, although his claim proves to have been based upon a mistake touching the survey, the contrary rule prevails.

3. *Land and land titles—Undisturbed possession—Estoppel.*—Where two adjoining proprietors recognize a certain dividing line as the true one, and with this understanding one of them with the knowledge and cognizance of the other, erects dwellings and improvements up to this boundary, and is permitted for many years to maintain his possession, the adjacent owner will be estopped from afterwards disturbing his title.

## *Appeal from Clay Circuit Court.*

### *J. E. Lincoln and Woodson*, for Appellant.

I. Where a line is established between adjacent landowners and recognized and acquiesced in by them as the true boundary line, and the possession up to that line has been open, notorious and adverse, accompanied with valuable improvements, with an intention of claiming title up to the line so established, for more than 10 years, they are bound by that line and will not be disturbed. (Knowlton vs. Smith, 36 Mo., 507; Taylor vs. Zepp, 14 Mo., 488; Blair vs. Smith, 16 Mo., 281; Aubuchon vs. Ames, 27 Mo., 89; St. Louis University vs. McCune, 28 Mo., 485; Lindell vs. McLaughlin, 30 Mo., 33; Doan vs. Sloan, 42 Mo., 112; Thomas vs. Babb, 45 Mo., 387; Wall vs. Shindler, 47 Mo., 284; Nelson vs. Broadhack, 44 Mo., 600; Kincaid vs. Dormey, 47 Mo., 341; Tamm vs. Kellogg, 49 Mo., 123; 16 Wend., 303-320; 10 N. Y., 412; 32 N. Y., 113; 7 Allen, 196; A. L. Reg. Sep., 1871, 601; 4 Bar [Penn.] 234, 254; Herman on Estop., 486, 487, &c.; 43 Mo., 143; 19 Mo., 452; 20 Mo., 89; 29 Mo., 593; 32 Mo., 553, 37 Mo., 310; 41 Mo., 242; 36 Mo., 507.)

### *Samuel Hardwick*, for Appellant.

I. Long acquiescence in an erroneous location will authorize a jury to find that the plaintiff had agreed to the location made, although it may have been different from the deeds; and whether the plaintiffs' ancestor knew his rights or not, such location or acquiesence will conclude him and those claiming under him. (Dibble vs. Rogers, 13 Wend., 536; Rockwell vs. Adams, 6 Wend., 467; McCormick, vs. Barnum, 10 Wend., 104; Jackson vs. McConnell, 12 Wend., 421.)

*D. C. Allen with J. E. Merriman,* for Respondents.

I. There was no concealment of the fact as to where the true line ran, for neither decedent nor his heirs knew it themselves, and hence there is no estoppel. (Big. Estop., Ch., XIX. p. 473, and specially on p. 480.) As appellants only claimed the land in the controversy through ignorance of the true line, because they thought the patent covered it, they could not have claimed the land adversely to respondents, in a legal sense; and hence the plea of the statute of limitations falls to the ground. The possession must be open, adverse and with the intention of asserting it, otherwise the statute of limitations will not run. (Knowlton vs. Smith, 36 Mo., 507; St. Louis University vs. McCune, 28 Mo., 481; Kincaid vs. Dormey, 47 Mo., 337; Tamm vs. Kellogg, 49 Mo., 118; Ang. Lim., Ed. 1861, p. 386.)

ADAMS, Judge, delivered the opinion of the court.

This was an action of ejectment originally brought by John S. Majors, the ancestor of plaintiffs, who died during the pendency of the suit, and it was revived in the name of the plaintiffs as his heirs at law.

The dispute was as to the boundary line between the land of plaintiff and defendant.

The plaintiffs' ancestor owned the n. e. qr. of the n. w. qr. of section 4, township 52, of range 31. The patent to this land was issued 1st of May 1843 from the United States.

The defendant owned the w. half of the n. e. qr. of the same section, township and range. The patent to this tract was issued 1st of May 1843, to his father William Rice, who afterwards by deed of 25th of June 1856, conveyed the same to the defendant in fee.

The evidence on the trial conduced to prove that in 1846 or 1847, John Majors, the ancestor of plaintiffs, procured the county surveyor of Clay county to survey and establish the line between him and William Rice, the patentee of the adjoining half-quarter section, and sent for Rice to be present at the survey; that this survey was made and the corners

established by planting stones; that afterwards this line as thus surveyed was recognized by the adjoining proprietors as the true line; that after the said William Rice sold to the defendant in 1856, this defendant took possession and built his fence on this line, and made all his improvements, dwelling house, orchard, &c. with reference to this line, and that it was recognized as such by all the parties; that the defendant claimed the land on his side of this line as his own, planted his orchard on the disputed strip, and has fruit-bearing trees on the same, and erected his dwelling house in view of this being the line, all the time claiming the land inside of his enclosure as his own land, and still claims it as his own. After this line had thus been established and lived up to by all parties for more than fifteen years, the plaintiff's ancestor recently caused another survey of the boundary line to be made, which threw the line on to the defendant so as to cut off a strip of more than two acres, including a part of his bearing orchard and most of his yard, and throwing a public road along this line within five steps of his dwelling.

In establishing the first line the surveyor had no field notes of section four, and in ascertaining the corner, he took the corner of section thirty-three in the township adjoining on the north, as and for the corner of section four. It turns out that section thirty-three laps over on section four; and that the corner of section thirty-three assumed to be the same as section four was not the same, and that in surveying by the true field notes of section four it was found that the old line was not the true line, and that the true line as run recently takes more than two acres of the land held by the defendant, as above stated, under his fence and improvements. It is for this strip of land that this suit is brought.

The petition was in the usual form. The defendant denied all the allegations of the petition; and set up the statute of limitations, also the foregoing facts as an estoppel *in pais.*

The case was submitted to the court for trial. But instead of trying the case, the court, at the instance of the defendant, ordered specific issues or facts to be tried by a jury; but they

were not such issues as the defendant desired, and he presented other issues to be submitted to the jury which the court refused. We need only recite the third issue which covered the case and was the only one passed on by the jury. That issue reads as follows: "3rd Are plaintiffs owners of the land in controversy ?"

The court after thus submitting the issues, took the whole case from the jury by instructing them to find this issue for the plaintiff without regard to the evidence. The defendant excepted. The jury found the verdict as directed. A motion was made by the defendant for a new trial and overruled ; and he excepted and has appealed to this court.

During the progress of the trial questions were propounded to witnesses by the defendant to elicit evidence touching the value of his improvements on the disputed land, and the damages that would result to him by a removal of the line. This evidence was ruled out by the court and the defendant excepted.

This was not a case in which the court could submit special issues of fact to be tried by a jury.

"In every issue for the recovery of money only, or specific real or personal property, the jury shall render a general verdict." (See 2nd, Wagn. Stat., 1042 , § 21.) "In all other cases, if at any other time during the progress of any cause, it shall in the opinion of the court become necessary to determine any fact in controversy by the verdict of a jury, the court may direct an issue or issues to be made." (2 Wagn. Stat., 1042, § 22.)

This was a case for the recovery of specific real property and for no other relief; and, therefore, it was a jury case, unless the parties waived a jury ; and in such case the verdict must be general and not a special verdict. (See 2nd Wagn. Stat., 1040, §§ 11, 12, 13 ; and page 1042, § 20.)

But the merits of this controversy were the defenses relied on by the statute of limitations and estoppel *in pais*, both of which were legal defenses and the proper subjects of inquiry before a jury on the trial of the issues raised by the pleadings.

1. It was assumed by the court, that because the line established in 1846 or 1847 between the proprietors was made under a mistake of the real field notes, the statute of limitations did not run. It is no sort of odds how a line is made, so that it be taken and considered by the adjoining proprietors as the true line, and the party possessing up to it claims the land, adversely to all others, as his own. If he maintains his possession and claim for ten consecutive years, the land becomes his, under the statute of limitations, by virtue of adverse possession as against all persons not laboring under disabilities.

But where parties assume a line as the true line; but with the understanding all the time that they only claim to the extent of their paper titles, and are to relinquish the fenced land if it should turn out to be a mistake, then as long as the claim is thus conditionally made, the possession so held is not adverse to the true owner and the statute of limitations does not run. This is the distinction which has been maintained by this court in all the cases, as will be seen by reference to the authorities referred to in the briefs of counsel on both sides.

The evidence in this case tended to prove that the defendant's possession was not a conditional, but an absolute adverse possession, as against the plaintiffs and all others.

2. The facts of this case also tended to prove an estoppel *in pais*. Both proprietors recognized the line as established in 1846 or 1847 as the true boundary; and with this understanding, and with the knowledge and recognizance of the plaintiff's ancestor, the defendant took possession, erected his dwelling and improvements, made his fence and planted out his orchard, and was permitted to maintain his possession and line for years, and until it would be a fraud upon him to permit the boundary so maintained and acted on to be disturbed. To disturb a boundary thus maintained would result in great damage; and therefore the law would not suffer it to be disputed after a party has acted on it and made his improvements with the express or implied approbation of the adjoining proprietor.

Under this view the estoppel, if established by the evidence was a good bar to the plaintiffs' recovery without regard to the statute of limitations.

The excluded evidence was properly admissible on this point. (See Taylor vs. Zepp, 14 Mo., 488 ; Blair vs. Smith, 16 Mo., 281 ; Lindell vs. McLaughlin, 30 Mo., 33.)

Let the judgment be reversed and the cause remanded. The other judges concur, Judge Sherwood absent.