# CHARLESTON.

. GEORGE *et al* v. COLLINS.

Submitted February 28, 1911.    Decided February 28, 1913.

1. FRAUDS, STATUTE OF—*Establishment of Boundaries*
    Disputed boundaries between adjoining lands may be settled by express oral agreement, executed immediately and accompanied by possession according thereto.  (p. 27).

2. SAME.
    But to make valid an oral agreement fixing a line between contiguous tracts of land, there must be doubt and uncertainty as to the true location of the line in dispute; else the agreement is void.  (p. 27).

3. BOUNDARIES—*Oral Agreement—Possession.*
    To establish a line between adjoining owners, in absence of express agreement fixing it, by acquiescence and recognition, there must be actual possession up to the line by the party claiming the benefit thereof, for a time sufficient in duration to warrant the inference or presumption of a former agreement establishing a delimitation of the boundary.  (p. 28).

Error to Circuit Court, Pocahontas County.
    Action by P. A. George and others against M. M. Collins. Judgment for plaintiffs, and defendant brings error.

*Affirmed.*

*George A. Revercomb* and *H. L. Van Sickler,* for plaintiff in error. ·

*Henry Gilmer,* for defendants in error.

LYNCH, JUDGE:

Plaintiffs George and Miller own lots 56 and 60 in the town of Ronceverte, bounded by Railway avenue, Maple and Main streets and lots 55 and 58, owned by defendants. By ejectment, the former seek recovery of an area or strip of ground, flat-iron in shape, fifteen inches in width on Railway avenue, and extending to a point on Main street along the dividing line between the lots owned by plaintiffs and those owned by defendants.

The latter, by way of defense, insist that doubt and uncertainty existed as to the proper location of the corner of lot 56 at the intersection of Railway avenue and Maple street, thereby causing doubt and uncertainty as to the proper location of the corner common to lots 55 and 56 on the same avenue, and therefore of the line common to both proprietors. They seek to prove an agreed line separating the lots, and acquiescence therein. The proof in support of an agreement fixing such line is inherently meager and inconclusive. It falls short of that degree of certainty required to sustain an express contract or assent thereto by the parties. In substance and effect, it is that the plaintiff George objected to the location of a building on lot 55 then in process of erection by Slaven, Collins' immediate predecessor in title; that Slaven, being notified of the objection, met George, and, after some discussion, the contractor moved the foundation about six inches farther from the building on lot 56. It is true, Slaven and Howard, the contractor, say George and Slaven "agreed as to the line where it should be". But Slaven, in answer to a question whether the moving of the house was satisfactory to George, replied: "I understood it was at the time". He was then asked, "Did George say anything about being satisfied or dissatisfied"? and answered, "I was under the impression that he was satisfied"; "I understood there was an agreement where the line was", and that "George made no further objection". George denies agreement between him and Slaven in reference to the boundary or the removal of the

building.   He says: "I did not tell him (Slaven) where to move it.   I had nothing to do with moving it back".

The jury, after hearing the evidence and the instruction of the court, found for the plaintiffs; and, after refusal to grant a new trial and after judgment on the verdict, the defendants obtained this writ of error.   They urge reversal on the ground that the verdict is contrary to the evidence.

It therefore becomes necessary to determine whether, in view of the facts detailed, the verdict is clearly wrong.   We do not think it is.   Courts uniformly hold an oral agreement fixing a boundary line, though express in its terms and clearly proved, void and unenforceable, except where it seeks to remove doubt and uncertainty as to the true location of the line.   *Le Compte* v. *Freshwater,* 56 W. Va. 337; *Hatfield* v. *Workman,* 35 W. Va. 586; *Mays* v. *Hinchman,* 57 W. Va. 602; *Wade* v. *McDougle,* 59 W. Va. 122.   Doubt and uncertainty constitute the consideration for the agreement.   Where they are wanting, there is no consideration, and therefore no valid agreement.   The surveyor found no difficulty in locating the corner of lot 56 at the intersection of Railway avenue and Maple street.   That established, he readily located the division line between the lots of the respective parties, thus negativing the existence of doubt or uncertainty as to the proper location of the line in controversy.   So that, had defendants succeeded in establishing the agreement upon which they rely, its invalidity in this respect would defeat reliance thereon as a defense in ejectment.

They further rely upon the acquiescence of George in the construction of the building on defendants' lot.   He conducted a drug store in a building on his lot 56, and daily passed and repassed the Collins lot during the construction of the building thereon, covering in part the contested area.   Thus, he could not avoid knowing of its erection.   It is pertinent, then, to inquire whether the court can deny him recovery in this action; in other words, whether he is estopped from  asserting  title  in ejectment to the disputed strip.   Except  under  rare circumstances, estoppel by conduct is not provable in a court of law.   Courts of equity originated the doctrine,  and its  application is ordinarily limited to them.   But, as stated, where a line is in controversy and uncertain, it may be located by express oral

agreement ·accompanied by immediate possession thereto by the owners on each side; or where, in the absence of proof of such agreement, acquiescence in a division line continues for a long period of time, an agreement may be inferred or presumed. *Gwynn* v. *Schwartz,* 32 W. Va. 488; *Wade* v. *McDougle, supra; Bent* v. *Elkins,* 69 W. Va. 11. But acquiescence must continue for a time sufficient in duration to warrant the inference or presumption ,of a former agreement establishing a delimitation of the boundary; otherwise it is of no importance. In *Gwynn* v. *Schwartz,* it was held that acquiescence for ten years would justify a jury in inferring such an agreement; and in *Wade* v. *McDougle,* that the acquiescence and recognition relied on must continue for the period prescribed by the statute of limitations, and be accompanied for that period by actual possession. It was further held in *Garrett* v. *Oil Co.,* 66 W. Va. 587, that the only equitable defenses available in ejectment in this state are those prescribed by §§3355 and 3356, Code 1906, in suits by vendor against vendee or mortgagor against mortgagee, and upon notice · served as prescribed by §3357 of said Code. *Suttle* v. *Railroad Co.,* 76 Va. 284; *Jennings* v. *Gravely,* 92 Va. 377, 380; *Haney* v. *Breeden,* 100 Va. 781. In our cases, where acquiescence is relied upon as a defense in actions of ejectment involving boundary lines, the proof tended to establish a valid and express agreement as a basis therefor. *Gwynn* v. *Schwartz, supra; Mays* v. *Hinchman, supra; Wade* v. *McDougle, supra; Lewis* v. *Yates,* 62 W. Va. 575, 591. Such proof was absent in this case.

From what has been said, and in view of these authorities, the conclusion reached is that, under the circumstances stated, the judgment of the circuit court must be affirmed.

*Affirmed.*