BOARD OF PUBLIC INSTRUCTION of Broward County v. JAMES A. BOEHM, *et ux.*

189 So. 663
Division A
Opinion Filed June 9, 1939

*John D. Kennedy,* for Appellant;
*Rogers, Morris & Griffis,* for Appellees.

BUFORD, J.—The appeal brings for review order denying motion to strike answer interposed to an amended bill of complaint.

The bill of complaint seeks mandatory injunction to compel the defendants to remove encroachments on lands, the title to which is claimed by the complainants, and to enjoin the defendants from further encroachments on the land.

The second paragraph of the answer admits that the complainants owned lands in the vicinity of the lands described in the bill of complaint but says that the defendants are without knowledge as to whether the complainants owned the lands described in the bill of complaint and demand strict proof thereof.

The third paragraph of the answer denies that the defendants have encroached upon the property of the plaintiffs as alleged. It avers that the certificate of survey attached to the original bill of complaint and made a part of the amended bill of complaint is not a correct survey of plaintiffs' land and avers that that portion of the land enclosed and occupied by defendants as shown by amended bill of complaint and the plat thereto attached is not the property of the plaintiffs but on the contrary is the property of and owned by the defendants.

The fourth paragraph of the answer is as follows:

"That no irreparable harm or damage is now resulting or will result in the future by the plaintiff being deprived of the use, control, supervision or possession of that portion of the lands described in the bill of complaint but that, on the contrary, the damage now resulting, or which may result in the future, are fully susceptible of being compensated in money, according to the well-established principles of law and equity. That that portion of the property alleged to be occupied and enclosed by these defendants is a

very small portion of a large tract of land, that the said school has ample grounds for playground purposes and that so far as these defendants are advised the plaintiff does not now need and will not need in the future any portion of the said lands for building purposes."

The fifth paragraph alleges facts upon which defendants rely for the equitable right to pay just compensation for the lands upon which the encroachment is alleged to exist, if the court should find that it is the property of the complainants rather than be required to remove the encroachments from such lands.

The sixth paragraph of the answer is as follows:

"That these defendants have not encroached upon said lands as alleged, nor did they place the structures upon the lands as alleged. That the building described in the amended bill was constructed about twenty-six years ago and has continuously remained in its present location ever since. That the building and fences were on the lands at the time these defendants purchased the same, and the lands enclosed by the fences and hedge and occupied by the said building were pointed out to and understood by these defendants to have been included in the lands purchased by them. That for a long period of time, to-wit, twenty-four years or more, the lines occupied by the building, fences and shrubbery were understood by the defendants and their predecessors in title, as well as the plaintiff and its predecessors in title, as being the true boundary line between the respective properties and the boundary lines as understood were acquiesced in by all parties interested in the lands until about the year 1936, at which time a survey represented by a certificate attached to the original bill, was made, at which time the plaintiff first raised the question as to boundaries. * * *"

The transcript then shows the following allegation:

"That at the time the alleged survey was made the plaintiff had owned and occupied the said lands for a long period of time and the improvements sought to be removed have been at the location described for many, many years."

We apprehend that the word "plaintiff" in this sentence was intended to be "defendants" and that the use of the word "plaintiff" was a misprint or an error in copying and that the Chancellor so considered it. If it was so intended and the word "plaintiff" was used in the answer as filed, it should be amended to read "defendants."

After the above quoted sentence, there is the following averment, to-wit:

"Wherefore, these defendants say that it would be inequitable and unjust to them to grant the relief prayed for in the amended bill of complaint and that the plaintiff, and its predecessor in title, have acquiesced in the said boundary lines for a long period of time and having stood by and permitted these defendants to purchase the lands and enter into the use and occupation thereof, are stopped from asserting any right to compel these defendants to remove from said lands or give up the use and occupation thereof."

The allegations of the answer above referred to are sufficient to present the issues, (1) whether the defendants or the plaintiff owned the lands upon which the encroachments are alleged to be; (2) that if the lands belong to the plaintiff that the injuries are readily susceptible of being fully compensated for in money damages and that a decree therefor would be equitable and just; (3) that the defendants entered upon the lands in good faith, and (4) that the lands in dispute are within the boundary lines of defendants' lands as the boundary lines had been understood, agreed to and acquiesced in by plaintiff and the defendants and

their respective predecessors in title for more than twenty years.

If matters contained in an answer in an equity case are relevant or of any influence in the decision as to the subject matter in controversy the answer is not impertinent and should not be stricken on motion. Hopkins v. Mills, 116 Fla. 550, 156 So. 532.

There is a well-recognized distinction between rights acquired by agreement on lines between adjoining owners and rights acquired by adverse possession. Wade v. McDougal, 59 S. Va. 113, 52 S. E. 1026. The rule appears to be that where adjoining owners themselves have agreed upon a line between their respective properties that is, and ought to be, the end of the matter. Amburgy v. Burt & Brabb Lbr. Co., 121 Ky. 580, 98 S. W. 680; 28 Ky. L. 551.

Such an agreement as to boundary is enforceable in a court of equity. Threlkeld v. Winston, 2 Ky. L. 63. It is very generally held either expressly or by clear implication that a parol agreement establishing a boundary, in order to be binding, must be followed by acquiescense and possession; and, in the absence of an express agreement fixing the boundary if it is fixed by acquiescence and recognition there must be actual possession up to the line by the party claiming the benefit thereof for a time sufficient in duration to warrant the inference or presumption of a former agreement establishing a delinitation of the boundary. See George, *et al.,* v. Collins, 72 W. Va. 25, 77 S. E. 356.

It is also true that where adjoining land owners agree on a boundary line and enter into possession and improve the lands according to the lines thus agreed on they, and those claiming under them, will be precluded from afterwards disputing that the line agreed on it the true line.

Barnett v. Gentry, 173 S. W. 424; Turquett v. McMurrain, 110 Ark. 197, 161 S. W. 175; Cutler v. Callison, 72

Ill. 113; Kernan v. Moore, 33 Ill. A. 229; Adams v. Betz, 167 Ind. 161, 169, 78 N. E. 649; Pittsburgh, etc., Iron Co. v. Lake Superior Iron Co., 118 Mich. 109, 76 N. W. 395; Jones v. Pashby, 67 Mich. 459, 35 N. W. 152, 11 Am. S. R. 589; Majors v. Rice, 57 Mo. 384; Dolde v. Vodicka, 49 Mo. 98.

Also see: "Boston, etc., R. Corp. v. Sparhawk, 5 Metc. (Mass.) 469 (apparently recognizing the rule). Thus where adjoining lot owners tacitly agreed on a division line evidenced by a fence built by one of them and in reliance on the line as thus established the other, with the knowledge and acquiescence of the former, built a dwelling house and made other valuable improvements without his right being questioned for a period of thirteen years, the one who built the fence and those claiming under her were estopped to dispute the boundary thus settled and acquiesced in. Deidrich v. Simmons, 75 Ark. 400, 87 S. W. 649."

So it is that we conclude that if the defendant can prove by amplification the agreement that the line between the properties was to be where they conceived it to be and that they and their predecessors in title and the complainants and their predecessors in title have acquiesced in such agreement as to location of the land line and recognized it as the partition line over a great number of years, it is immaterial whether or not the defendants can acquire adverse possession as against the Board of Public Instruction because of it being vested with sovereign powers and being protected in this regard by rights of sovereignty, if such exists, which we do not now decide.

Neither is it necessary for us here to determine whether or not the sovereignty may be purchase of land which is at the time of purchase in the open and notorious adverse possession of another, interrupt the running of the statute applicable to acquiring title by adverse possession. We

say this because it is not clear from the pleadings whether or not the defendants were in possession of the involved property at the time title claimed was procured by and vested in the complainant.

We think the answer presented justiciable issues and that the Chancellor was without error in denying motion to strike.

Therefore, the order is affirmed.

So ordered.

TERRELL, C. J., and THOMAS, J., concur.

BUFORD, J., concurs in opinion and judgment.

Justices WHITFIELD and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.