MATHEWS, Justice.
The real purpose of this suit was an attempt to have the Circuit Court establish the meandering of a creek as a boundary line of certain real estate. The lower Court dismissed the bill of complaint upon the motion of the appellees and entered a final decree. This appeal is from that final decree.
The relief sought is not based upon a claim by the appellant that it has acquired title to any portion of this land by adverse possession.
It appears that the parties in this cause •claimed title to various tracts of land and from the very beginning of such titles, the lands were described by true lines. Paragraph 2 of the bill of complaint is as follows :
“That the plaintiff had and holds the record fee simple title to the following described land in Jackson County, Florida, hereinafter sometimes called the North Tract: ‘South half of Section 28 and South half of Section 29 in Township 6 North, Range 10 West.’
“That, in addition to said North Tract, the plaintiff owns the Northeast quarter of Northeast quarter of Section 33, Northwest quarter of Northeast quarter and Northwest quarter of Section 34 in said township and range, and other lands which are contiguous to said North Tract.
“That the defendant, Edward G. Ziegler, claims to have and hold the record title less certain mineral interest in the name of the defendants, W. M. Greve and Stanton Griffis, as Trustee, to the following described land in said County hereinafter sometimes called the South Tract: ‘East half of Northeast quarter, Southwest quarter of Northeast quarter and South half of Section 32 and all of Section 33 less Northeast quarter of Northeast quarter, in Township 6 North, Range 10 West.’ ”
It is admitted that according to the deeds of the respective parties and according to the records, there was a true line. The appellant claims that by general reputation in the neighborhood and by acquiescence of the appellees, the true line is the meanderings of Hays Creek.
It does not appear from the bill of complaint that the location of the true line was uncertain or unknown to the present or any prior owners of the two parcels of land or that there was ever any dispute about the line at any time by the present or prior owners except the dispute which began in 1951 and which brought about this litigation. 125 acres of land is involved, and it does not appear that the appellant or its predecessors in title ever returned said property for taxation or that it or its predecessors ever paid any taxes thereon.
It is clear that coterminous landowners cannot conclusively establish as a boundary between their lands a line which they know not to be the true one, except by an agree *877 ment in writing based on proper consideration and containing words of conveyance, unless a true line is uncertain or disputed. Watrous v. Morrison, 33 Fla. 261, 14 So. 805; Board of Public Instruction v. Boehm, 138 Fla. 548, 189 So. 663; Shaw v. Williams, Fla., 50 So.2d 125.
Affirmed.
ROBERTS, C. J., DREW,' J., and PARKS, Associate Justice, concur.