222 So.2d 42 (1969)
Jacob P. REIL and Osa Reil, His Wife, Appellants,
v.
David D. MYERS and Rose Ann Myers, Appellees.
No. 1983.
District Court of Appeal of Florida. Fourth District.
April 30, 1969.
*43 William E. Weller, of Rush, Marshall, Warriner & Bergstrom, Cocoa Beach, for appellants.
L.C. Crofton and Richard H. Miller, of Crofton, Holland, Starling & Goshorn, Titusville, for appellees.
OWEN, Judge.
This case involves a boundary line dispute. The court, after a non-jury trial, found for the defendants, holding that the boundary line between the adjoining properties had been established by agreement, even though not on the true line as shown by a subsequent survey, and that defendants had also acquired title to a portion of the disputed property by adverse possession. We affirm.
The facts were in dispute but there is competent, substantial evidence to sustain the court's expressed findings of fact as follows: In 1962 the plaintiffs and defendants were uncertain as to the exact location of the boundary line separating their properties and at that time specifically agreed to accept as the boundary between them a line as pointed out to them by a surveyor, one W.D. Bruner; thereupon the defendants went into possession and occupied the property on their side of the line, erecting a fence along a portion of the agreed boundary line, and the plaintiffs accepted the line and for two years made no effort to disturb the possession of the defendants.
While title to real estate cannot be transferred by verbal agreement, yet, where the boundary between contiguous lands is uncertain or disputed, the owners of such lands may agree upon a certain line as a permanent boundary line, and where the agreement is followed by actual occupation according to such line as the boundary, the line will be binding upon them and their successors in title, as the boundary.[1]
The necessary elements for establishment of boundary by agreement are: (1) uncertainty or dispute as to the true boundary, (2) an agreement that a certain line will be treated by the parties as the true line, and (3) subsequent compliance by the parties with that agreement for a period of time sufficient to show a settled recognition of the line as the permanent boundary.[2] The court found all of these elements present in this case.
The doctrine of boundary by agreement, which was clearly applicable *44 and correctly applied in the instant case, is, of course, separate and distinct from the doctrine of establishment of boundary by acquiescence, and the two should not be, but unfortunately frequently are, confused.[3]
Holding as we do that the court correctly applied the doctrine of boundary by agreement in entering judgment for the defendants, it becomes unnecessary to consider whether the defendants also acquired title to a portion of the same property through means of adverse possession under color of title.
Affirmed.
CROSS and REED, JJ., concur.
NOTES
[1] Euse v. Gibbs, Fla. 1951, 49 So.2d 843; Williams v. Pichard, 1942, 150 Fla. 371, 7 So.2d 468; Board of Public Instruction v. Boehm, 1939, 138 Fla. 548, 189 So. 663; Watrous v. Morrison, 1894, 33 Fla. 261, 14 So. 805; Williams v. Johntry, Fla.App. 1968, 214 So.2d 62.
[2] Professor James W. Day, The Validation of Erroneously Located Boundaries by Adverse Possession and Related Doctrines, 10 U.Fla.L.Rev. 245, at 263.
[3] Id. at 264.