WALDEN, Judge.
This is an appeal brought by defendant, William F. Van Valkenberg, from an adverse summary judgment entered in a suit on a promissory note. We reverse.
Plaintiff-Appellee-Chris Craft Industries, Inc. sued Defendant-Appellant-William F. Van Valkenberg as a guarantor of a promissory note owned by Chris Craft.
Defendant answered placing the critical allegations of the complaint in issue. Fur *281 ther, defendant filed affirmative defenses as follows:
“SECOND AFFIRMATIVE DEFENSE
“The defendant would affirmatively show this Court that the consent agreement of makers and guarantor attached plaintiff’s Complaint as Exhibit C was totally without consideration as to this defendant and is unenforceable and of no effect.
“THIRD AFFIRMATIVE DEFENSE
“The defendant would affirmatively show this Court that he has been fully discharged and released from all liability whatsoever upon the guaranty agreement appearing upon page 2 of plaintiff’s Exhibit A attached to the original complaint of the plaintiff for the following reasons:
“1. That paragraph 2 of plaintiff’s Exhibit A reads as follows:
‘On all boats hereafter sold by Payee to Makers, or either of them, until the full principal amount of this note, together with interest thereon, is fully paid, Payee shall deliver to the Maker to whom each such boat is sold, along with the invoice of the price of each such boat, a separate invoice in an amount equal to five (5%) per cent of the gross invoice price of each such boat, except only that during the first twelve (12) months beginning with the date of this note, such separate invoice shall be in an amount of two and one-half (2}4%) per cent of the gross invoice price of each such boat.’
“2. That notwithstanding the terms and conditions of such note, the plaintiff did, on the following dates subsequent to March 3, 1967, accept payments in the amount of 2/2% of the gross invoice price as referred to in such note, to-wit: 3/10/67, 3/31/67, 4/3/67, 4/5/67, 4/10/67, 5/11/67.
“3. That such actions on the part of the plaintiff constitute a material and substantial alteration of the defendant’s contract of guaranty and amount to a discharge thereof.
“FOURTH AFFIRMATIVE DEFENSE
“The defendant would affirmatively show this Court that he has been discharged and released from any and all liability whatsoever upon the agreement of makers and guarantor attached to the original complaint of the plaintiff as plaintiff’s exhibit C for the following reasons:
“1. That paragraph 2 of plaintiff’s Exhibit A reads as follows:
‘On all boats hereafter sold by Payee to Makers, or either of them, until the full principal amount of this note, together with interest thereon is fully paid, Payee shall deliver to the Maker to whom each such boat is sold, along with the invoice for the price of each boat, a separate invoice in an amount equal to five (5%) per cent of the gross invoice price of each such boat, except only that during the first twelve (12) months beginning with the date of this note, such separate invoice shall be in an amount of two and one-half (2^4%) per cent of the gross invoice price of each such boat.’
“2. That notwithstanding the terms and conditions of such note, the plaintiff did accept from Star Chris Craft Sales & Service, Inc. payments in the amount of 2^/2% of the gross invoice price referred to in such note on 40 separate occasions between 6/26/67 and 8/29/68.
“3. That such actions on the part of the plaintiff constitute a material and substantial alteration of the defendant’s contract of guaranty and amount to a discharge thereof.
“FIFTH AFFIRMATIVE DEFENSE
“The defendant would affirmatively show this Court that he has been discharged and released from any and all liability whatsoever upon the promissory note attached to the plaintiff’s complaint as plain *282 tiff’s exhibit A for the reasons set forth in the Third and Fourth Affirmative defenses aforesaid.
“SIXTH AFFIRMATIVE DEFENSE
“The defendant would affirmatively show this Court that he has been released and discharged from all liability whatsoever upon the note and guaranty agreements which are the subject matter of this suit for the following reasons:
“1. That the promissory note which is the subject matter of this suit contains in paragraph 3 thereof the following provision :
‘If any separate invoice submitted to the Makers, or either of them, by the Payee in the above described manner or any other payment due hereunder is not made at the time same is due, the entire unpaid principal shall thereupon become automatically due and payable, without notice.’
“2. That upon invoice numbers 39307, 39266, 39236, and 39082 of the plaintiff, the separate invoice provided for in the note, which is the subject matter of this suit, was not provided to the plaintiff, pursuant to the provisions of such note.
“3. That by the terms of such note, the same was automatically accelerated and became due and payable in full.
“4. That the actions of the plaintiff in continuing to accept further payments upon such note from Star Chris Craft Sales & Service, Inc. constitute a novation of contract and a new contract for payment with the said Star Chris Craft Sales & Service, Inc., which released and discharged this defendant.
“SEVENTH AFFIRMATIVE DEFENSE
“The defendant would affirmatively show this Court that had the plaintiff insisted upon the terms and conditions of the note which is attached to plaintiff’s complaint be strictly complied with, that such obligation would have been paid in full or substantially reduced below the balance now claimed, prior to the date of default alleged by the plaintiff. That the failure of the plaintiff to enforce the terms and conditions of said such note relative to payment have prejudiced the defendant. That the plaintiff is now estopped from pursuing this obligation against the defendant.
“EIGHTH AFFIRMATIVE DEFENSE
“The defendant would affirmatively show this Court that he has been released and discharged wholly or in part from liability upon the instruments which are the subject of this suit in that the plaintiff wholly failed and refused to provide the defendant with timely notice of dishonor of the promissory note herein sued upon. That at the time of acceleration of such promissory note Star Chris Craft Sales and Service, Inc., a primary obligor thereon was solvent and able to hold the defendant harmless upon all or a substantial part of the amounts which may be levied against him herein. That between the dates of the acceleration of such promissory note and the date upon which this suit was filed, Star Chris Craft Sales & Service, Inc. became insolvent, thereby rendering the defendant’s right of recourse against such person valueless. That the liability of the defendant, if any, should be reduced by the amount of the defendant’s loss of recourse as aforesaid.”
Plaintiff filed a Motion to Strike the affirmative defenses simply “on the grounds that the allegations contained therein do not constitute a sufficient legal defense to Plaintiff’s claim.” The trial court granted the motion leaving before it only plaintiff’s complaint and the defendant’s tattered answer. Having so whittled the pleadings, the trial court entered summary judgment for the plaintiff.
The critical question before us is the propriety of the trial court’s action in striking the affirmative defenses.
*283 We feel that it was a clear error — as a matter of procedural and substantive law— for the trial judge to strike the defenses because all or certainly some of them presented proper and sufficient defenses to the claim 'and raised questions of fact. This summary procedure deprived the defendant of the opportunity to present his proofs and have the issues decided upon the merits as a matter of fact and law.
What is the office and criteria governing such motion to strike? F.R.C.P. 1.140(f), 30 F.S.A., provides, “ * * * the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter.” Since this case is grounded on the allegation of insufficient defense it follows by the rule’s very provisions that if the defense is sufficient it should not be stricken. As will be later outlined, the defenses were sufficient.
Speaking generally of the rule, the case of Gossett v. Ullendorff et al., 1934, 114 Fla. 159, 154 So. 177, says:
“The motion to strike from an answer any part of it which may be deemed to be redundant, impertinent, or scandalous is controlled by the rule which .requires the denial of the motion unless the matter sought to be stricken is wholly irrelevant, can have no bearing upon the equities and no influence upon the decision either as to the relief to be granted or the allowance of costs.” (Emphasis added.)
The case of Board of Public Instruction of Broward Co. v. Boehm, 1939, 138 Fla. 548, 189 So. 663, restates Gossett by saying, “if matters contained in an answer * * * are relevant or of any influence * * * should not be stricken on motion.”
In A. M. Kidder & Co. v. Turner, Fla.1958, 106 So.2d 905, the Supreme Court of Florida held:
“The rule has been well stated that a motion to strike a defense should not be granted where the defense presents a bona fide question of fact.” (Citations omitted.)
An extensive discussion on the function performed by a motion to strike and the distinction between such motion and a demurrer is set forth in Southern Home Ins. Co. v. Putnal, 1909, 57 Fla. 199, 49 So. 922, at 928:
“ * * * We would refer with full approval to Ray v. Williams, 55 Fla. 723, 46 So. 158, wherein it was held that: ‘There is inherent in courts of justice implied power to prevent abuse of the court procedure. To this end a pleading may be stricken if it is wholly irrelevant to the cause, or if it violates a rule or order of the court, or if it be a palpable attempt to impose upon or trifle with the court, as by merely repeating or reiterating to no better effect the same matter already presented and adjudged with no additions of new matter. Striking a pleading is a severe remedy, and should be resorted to only in cases palpably requiring it for the proper administration of justice. A pleading in proper form duly authenticated and filed should not be stricken for insufficiency. Its sufficiency as a pleading should be tested by demurrer or other proper proceedings. The remedies by motion to strike and by demurrer should not be indiscriminately applied, as they are governed by essentially different rules of procedure. A demurrer goes to the pleading as an entirety for insufficiency; while a motion to strike is applicable where the pleading as an entirety or any part of it is wholly irrelevant or for any reason improper.’ To the like effect, see Hammond v. A. Vetsburg Co., 56 Fla. 369, 48 So. 419, holding that: ‘A merely defective plea, one that is only wanting in fullness or explicitness or otherwise subject to attack by demurrer, cannot be tested by a motion to strike it from the files. The court will not decide the legal sufficiency of a plea on such a motion when a good defense is defectively stated.’"
*284 The corollary rule in the federal system is Federal Rule 12(f), Motion to Strike. Comments from federal decisions concerning it are as follows:
The entire defense should not be struck unless it grossly violates the requirements of general rules of pleading, Am. Machine & Metals v. De Bothezat Impeller Co., 8 F.R.D. 306, D.C., 1948. Motions to Strike should be sparingly used by courts. Brown & Williamson Tobacco Corp. v. United States, 6 Cir., 1953, 201 F.2d 819, and are not looked upon with favor. Russo v. Merck & Co., 138 F.Supp. 147 (D.C., 1956).
Furthermore, in passing on a motion to strike any doubts are to be resolved in favor of the attacked pleading. De Belaieff v. Moulton, D.C., 1955, 17 F.R.D. 207. An action to strike a pleading is drastic and should only be granted if there is no possible relation to the controversy. Augustus v. Board of Public Instruction of Escambia Co., Fla., C.A.5 1962, 306 F.2d 862.
A motion to strike defendant’s answer is equal to a motion to dismiss and admits the truth, for the purpose of the motion, of all facts well pleaded. United States v. Parcel of Land in Town of Middletown, New Castle Co., D.C.Del., 32 F.Supp. 718, 1940. Gossett, supra, also admits this analogy.
And like a motion to dismiss, a motion to strike is limited to the pleadings. Affidavits filed which do not appear in the pleadings may not be considered and should he disregarded. United States v. Arnhold & S. Bleichroeder, Inc., 96 F.Supp. 240, D.C., 1951, and Brew, Woltman & Co. v. Anthony, 94 F.Supp. 955, D.C., 1951.
From the foregoing it is concluded that a motion to strike is not favored and is viewed with skepticism. As in the case of a motion to dismiss a complaint, all well pleaded facts in the affirmative defense are deemed to be true. Further, only the material within the four corners of the pleading are to be considered.
Looking now to the affirmative defenses, Nos. 3-5 allege a material alteration and defendant’s release thereby. The controlling statute at the time was Section 675.32, F.S.1965, Materially Altering Instrument.[1] It provides: “Where a negotiable instrument is materially altered without the assent of the parties liable thereto, it is voided, except as against a party who has himself made, authorized or assented to the alteration, and subsequent indorsers.”
Such defense was recognized in the case of Miami Nat. Bank v. Fink, Fla.App.1965, 174 So.2d 38, under a similar statute. It held that a guaranty agreement was unenforceable by a bank against a guarantor where the agreement was altered without the consent of the guarantor. See also Hollywood Shopping Plaza, Inc. v. Schuyler, Fla.App.1965, 179 So.2d 573.
Here, it cannot be said that the acceptance of payments of 2i/z% instead of the agreed 5% was not a material alteration. Certainly it was adequate to withstand a motion to strike.
Without over-laboring the remaining defenses, they appear to have influence and dignity as recognized defenses and, under the rules and criteria mentioned, they sufficiently set forth defendant’s position and adequate defense as a matter of pleading — even though at trial he may not be able to sustain them. Further, even if there existed some technical deficiency or omission in the eyes of the trial court the defenses are adequately denominated and the defendant should have been permitted an opportunity to amend rather than having to suffer this super summary disposition of his pleadings and defenses.[2]
*285 The judgment is reversed and the cause remanded for further proceedings consistent herewith.
Reversed and remanded.
CROSS and MAGER, JJ., concur.

. Uniform Commercial Code became effective January 1, 1967, and hence does not control this note executed in 1966.

. There is a policy of allowing litigants to amend pleadings freely in order that causes of action may be tried on their *285 merits and in the interest of justice. Any doubts should be resolved in favor of allowing amendments. They should be liberally entertained. See Conklin v. Smith, Fla.App.1966, 191 So.2d 311 and Richards v. West, Fla.App.1959, 110 So.2d 698.
Specifically in cases of motions to strike, responsive pleadings should not be stricken without leave to amend. Mills v. Beims, Fla.App.1961, 132 So.2d 228. For an illustrative case on the equivalent federal practice in line with Mills, see Forstmann Woolen Co. v. Murray Sices Corp., D.C., 1950, 10 F.R.D. 367.