342 So.2d 1005 (1977)
BAY COLONY OFFICE BUILDING JOINT VENTURE, a Partnership, et al., Appellants,
v.
WACHOVIA MORTGAGE COMPANY, a North Carolina Corporation, et al., Appellees.
No. 76-1894.
District Court of Appeal of Florida, Fourth District.
February 4, 1977.
James W. Geiger, Fort Lauderdale, for appellants.
Patrick G. Kelley of Kelley, Tompkins, Frazier & Kelley, Fort Lauderdale, for appellees.
*1006 ALDERMAN, Judge.
After this appeal had been filed, and briefs from both parties received by this court, the appellees gave Notice of Withdrawal of Opposition to Appeal and moved that their own brief be stricken. With the contestants in apparent agreement that the court below should be reversed, we have considered the record carefully and find that we must concur that the trial court erred in striking, sua sponte, three of the appellants' affirmative defenses.
Because there was no motion to strike the affirmative defenses numbered 4, 5 and 6, the court's authority to strike was limited to the provisions of Fla.R.Civ.P. 1.140(f):
"Motion to Strike. A party may move to strike or the court may strike redundant, immaterial, impertinent or scandalous matter from any pleading at any time."
The trial court may not on its own initiative strike an affirmative defense for the reason that it is legally insufficient; in that case a motion by a party is required. Fla.R.Civ.P. 1.140(b). Neither may an affirmative defense be stricken merely because it appears to a judge that the defendant may be unable to produce evidence at trial to sustain such a defense. Windle v. Sebold, 241 So.2d 165 (Fla. 4th DCA 1970). In the present case, there obviously being no scandalous or impertinent matter, the only possible justification for the trial court's striking the three affirmative defenses at issue here would be that those defenses were redundant or immaterial. Recalling that the striking of pleadings is not favored and is a drastic action to be used sparingly by courts, and further that any doubts are to be resolved in favor of the attacked pleadings, we conclude that affirmative defenses 4, 5 and 6 in this case were not so entirely without any possible relation to the controversy as to warrant their being stricken. Van Valkenberg v. Chris Craft Industries, Inc., 252 So.2d 280, 284 (Fla. 4th DCA 1971). Matter should be stricken as redundant or immaterial only if it is wholly irrelevant and can have no bearing on the equities and no influence at all on the decision. Gossett v. Ullendorff, 114 Fla. 159, 154 So. 177 (1934); Pentecostal Holiness Church, Inc. v. Mauney, 270 So.2d 762 (Fla. 4th DCA 1972).
The order from which this appeal is taken is reversed as to the striking of affirmative defenses 4, 5 and 6.
CROSS and LETTS, JJ., concur.