DOWNEY, Judge.
Appellants, Martin and Linda Brooks, seek review of a final judgment which determined a boundary dispute in favor of appellees, Joel and Sidney Fletcher, and quieted their title to certain property. We affirm the judgment.
In mid-1969 the Fletchers purchased Lots 35 and 36, Block 144, Hollywood Hills, in the City of Hollywood, and built their home thereon. Some months thereafter Mrs. Fletcher’s father, Robert Hannan, became interested in buying an adjacent lot, number 37. In order to improve said lot Han-nan found it would be necessary to obtain an additional ten feet from Lot 36 and thereafter Hannan built a house on Lot 37. Before construction of the house on Lot 37 Fletcher had a chain link fence erected on a line which an architect indicated to Fletcher was the new boundary line between Lots 36 and 37. The evidence would indicate that the parties considered the fence to be the property line until a dispute arose when Fletcher found a crew purportedly surveying Lot 37 over on his side of the fence. Fletcher ordered the crew off and called Hannan. At that point everyone was confused about the location of the boundary line. However, eventually Fletcher and Hannan agreed that the fence line would be the boundary line. Thereafter the Fletch-ers built a pool and deck in their backyard and landscaped it up to the fence. Hannan also landscaped his property up to the fence line. Neither Hannan nor any of appellants’ immediate predecessors in title ever objected that the fence line was not the boundary line between Lots 36 and 37.
Based upon the evidence, the trial court found the chain link fence line constituted the boundary between Lots 36 and 37, and the court quieted the Fletcher title to all of the property “lying beneath to the South and East of said fence.”
Appellants attack the trial court’s finding on several grounds, none of which has merit. The thrust of appellees’ contention is that the chain link fence was the boundary by agreement of the parties. At the time the parties agreed the fence should be replaced on that certain line (it had been taken down so that a survey could be completed) the Fletchers and Hannan were in doubt about the true location of the boundary. After considerable discussion, Mr. Fletcher and Mr. Hannan agreed the fence line should be the legal boundary line at the conclusion of the survey.
Where the boundary line between contiguous property is disputed, in order to establish the boundary by agreement the respective owners must agree on a certain line as the permanent boundary line and thereafter occupy their respective properties in accordance with that line. Watrous v. Morrison, 33 Fla. 261, 14 So. 805 (1894). The necessary elements to be proved are described most recently in King v. Carden, 237 So.2d 26 (Fla. 1st DCA 1970):
1) an uncertainty or dispute as to the true boundary line;
2) an agreement that a certain line will be treated as the true boundary line;
3) the subsequent occupation of both properties according to such line as the true boundary.
Applying the foregoing legal principles to this case, our study of the record reflects that there is substantial competent evidence to show the Fletchers proved the foregoing elements. We therefore conclude that the record supports the trial judge’s findings and conclusions.
Accordingly, the judgment appealed from must be affirmed.
AFFIRMED.
LETTS, C. J., and GEIGER, DWIGHT L., Associate Judge, concur.