## WALLS, et al., v. FLORIDA POWER and LIGHT COMPANY
### No. CA-77-1563 (42-130)
Circuit Court, Manatee County
August 17, 1981

J. Michael Hayes, for plaintiff.

Barry R. Davidson, R. A. Adams, Steel Hector & Davis, for defendant.

GILBERT A. SMITH, Circuit Judge.

THIS CAUSE came on to be heard upon the Motion for Summary Judgment filed by defendant, FLORIDA POWER & LIGHT COMPANY, with respect to Counts IV, V, VI, X, XI, and XII of the Complaint.

This case is a boundary dispute. Plaintiffs claim title to "The N ½ of NW ¼ of Section 5 and the N ½ of NE ¼ of Section 6, Township 33 South, Range 20 East, Manatee County, Florida," which is adjacent and contiguous to property owned by defendant which is more particularly described as "The SE ¼ of the NW ¼ of Section 5, the SW ¼ of the NW ¼ of Section 5, the SE ¼ of the NE ¼ of Section 6, the SW ¼ of the NE ¼ of Section 6, Township 33 South, Range 20 East, Manatee County, Florida." The location of the common boundary between these two described properties is disputed by plaintiffs.

In their Complaint, plaintiffs claim that the common boundary is represented by an "old fence line" which exists between the two properties. Plaintiffs originally based this claim on five legal theories:

(1)　The accuracy of a "survey" performed by Raymond Kissinger in 1965. (Counts I, VII and XIII-XV).

(2)　Adverse possession under color of title. (Counts II and VIII).

(3)　Adverse possession without color of title. (Counts III and IX).

(4)　The common law theory of boundary by agreement. (Counts IV, V, X and XI).

(5) The common law theory of boundary by acquiescence. (Counts VI and XII).[1]

On August 1, 1980 this Court granted a Partial Summary Judgment for defendant with respect to Counts I-III, VII-IX, XIII and XV of the Complaint, finding that the boundary between plaintiffs' and defendant's properties was correctly established by defendant's surveyor, Mr. Bill Roberts, on a line north of the "old fence line."

The remaining claims of plaintiffs are those contained in Counts IV, V, VI, X, XI and XII, wherein it is claimed that the "old fence line" is the boundary under the common law theories of boundary by agreement and boundary by acquiescence.

The Court has considered the defendant's Motion for Summary Judgment with respect to those remaining Counts and heard argument of counsel for the respective parties July 27, 1981. The Court has carefully considered the record in this proceeding and has concluded that the pleadings, answers to interrogatories and depositions together with exhibits thereto, show that there is no genuine issue as to any material fact and that the defendant is entitled to judgment as a matter of law with respect to remaining Counts IV, V, VI, X, XI and XII of the Complaint. Disposition of these remaining Counts now resolves the entire case.

In order to succeed on a theory of boundary by agreement, plaintiffs must show:

(1) A dispute or uncertainty as to the true boundary between plaintiffs' and defendant's properties from which it can be implied that the owners of both properties were in doubt as to the location of the true boundary.

(2) Followed by an agreement between both property owners that, in light of the dispute or uncertainty, the "old fence line" would be treated as the boundary,

(3) Followed by continuous actual occupation by both property owners in accordance with that agreement for a period of time sufficient to show a settled recognition of the "old fence line" as the permanent boundary.

*Watrous v. Morrison,* 33 Fla. 261, 14 So. 805 (1894); *Reil v. Myers,* 222 So.2d 42 (Fla. 4th DCA 1969); *King v. Carden:* 237 So.2d 26 (Fla. 1st DCA 1970); *Brooks v. Fletcher,* 393 So.2d 630 (Fla. 4th DCA 1981).

---

[1] In Count XIV of the Complaint, plaintiffs also claimed slander of title. This claim was dismissed by Order of this Court dated October 14, 1977.

In order to succeed on a theory of boundary by acquiescence, plaintiffs must show:

(1)  A dispute or uncertainty as to the true boundary between plaintiffs' and defendant's properties from which it can be implied that the owners of both properties were in doubt as to the location of the true boundary,

(2)  Followed by mutual recognition of the establishment of the boundary on a line other than the true boundary,

(3)  Followed by continuous actual occupation and acquiescence in the new boundary for a period in excess of the statute of limitations (seven years).

*Shaw v. Williams,* 50 So.2d 125 (1950); *Blackburn v. Florida West Coast Land & Development Co.,* 109 So.2d 413 (Fla. 2d DCA 1959), *cert. denied,* 124 So.2d 3 (Fla. 1959); *King v. Carden, supra.*

Consequently, it is clear that an essential prerequisite to the establishment of a boundary by agreement or boundary by acquiescence is proof of a prior dispute or uncertainty from which it can be implied that both parties were in doubt as to the location of the true boundary.

*Watrous v. Morrison, supra; Shaw v. Williams, supra; McRae Land & Timber Co. v. Ziegler,* 65 So.2d 876 (Fla. 1953); *Holley v. May,* 75 So.2d 696 (Fla. 1954); *Blackburn v. Florida West Coast Land & Development Co., supra; King v. Carden, supra.*

However, there is no evidence whatsoever in the record of this case of the requisite dispute or uncertainty; plaintiffs have had ample opportunity to discover same; and it is clear no such facts can be adduced. It is therefore

ORDERED and ADJUDGED:

The Motion for Summary Judgment filed by defendant FLORIDA POWER AND LIGHT COMPANY with respect to Counts IV, V, VI, X, XI and XII of the Complaint is granted.

WHEREFORE, plaintiffs shall take nothing by this action and defendant, FLORIDA POWER AND LIGHT COMPANY, shall go hence without day and recover its costs from plaintiffs to be taxed upon further appropriate motion and Order of Court.