STEVENSON, J.
 

 This is a consolidated appeal from an order dismissing a complaint to quiet title and for ejectment, and an order granting summary judgment in favor of the defendants below on their counterclaim to quiet title. We reverse both orders.
 

 The appellant, Joan Francis (“Homeowner”), is the owner of a five-acre tract of land in St. Lucie County, Florida. The appellees, Lawrence and Donna Stubbs (“Neighbors”), are the owners of ten contiguous acres to the north of Homeowner’s property.
 
 [1]
 
 Homeowner filed an action to quiet title and for ejectment against Neighbors, seeking to establish a boundary between the two properties consistent with a wire fence that allegedly had separated the two properties since at least 1971. Homeowner alleged that, in 1974, a dispute over the boundary line of the property arose between Homeowner and Neighbors’ predecessors in title, that Homeowners and Neighbors’ predecessors in title had agreed the fence constituted
 
 *51
 
 the legal boundary between their properties, and that Homeowner, Neighbors’ predecessors in interest, and Neighbors, who acquired the property in approximately 1986, had continuously treated the fence as the boundary line separating the properties. In June 2005, Neighbors allegedly moved the fence fifty-three feet to the south, claiming that the location of the old fence did not reflect the true boundary line as contained in the “unambiguous” deeds to the properties. In this consolidated appeal, Homeowner challenges (1) a final order of the trial court dismissing her Fifth Amended Complaint to Quiet Title and for Ejectment and (2) a final summary judgment in favor of Neighbors on their counterclaim to quiet title based on the face of their deed. Homeowner’s complaint was predicated on theories of boundary by acquiescence and boundary by agreement.
 

 We reverse the dismissal and the summary judgment, and find that Homeowner’s complaint stated a cause of action to quiet title and for ejectment based on the theories of boundary by acquiescence and boundary by agreement and that genuine issues of material fact exist on Neighbors’ counterclaim to quiet title, despite the “unambiguous” legal description contained in the deed.
 
 See, e.g., Sembler Marine Partners, Ltd. v. Skidmore,
 
 842 So.2d 1003, 1005 (Fla. 4th DCA 2003) (“Three essential elements must be proven to establish a boundary by acquiescence: (1) uncertainty or dispute as to the location of the true boundary; (2) location of a boundary line by the parties; and (3) acquiescence in the location for the prescriptive period.”);
 
 Reil v. Myers,
 
 222 So.2d 42, 43 (Fla. 4th DCA 1969) (“While title to real estate cannot be transferred by verbal agreement, yet, where the boundary between contiguous lands is uncertain or disputed, the owners of such lands may agree upon a certain line as a permanent boundary line, and where the agreement is followed by actual occupation according to such' line as the boundary, the line will be binding upon them and their successors in title, as the boundary.”);
 
 Williams v. Johntry,
 
 214 So.2d 62, 64 (Fla. 1st DCA 1968) (“[Tjitle and boundary line between adjoining property, may be resolved by a line agreed upon to be the true boundary line, regardless of the description contained in the deed ..., by estoppel or acquiescence or by written agreement, verbal agreement, or even by implied agreement, if the conduct of the parties is such as to support the same.”).
 

 Accordingly, the orders on appeal of dismissal and summary judgment are reversed and this cause is remanded for further proceedings.
 

 Reversed and remanded.
 

 TAYLOR and MAY, JJ., concur.
 

 [1]
 

 . Appellees Clyde and Sandra Crouch are the owners of five contiguous acres to the south of Homeowner’s property and were brought into this action upon motion of Neighbors. The Crouches have not made an appearance in this appeal.