STEVENSON, J.
In this divorce action, Tiffany Boswell appeals a non-final order granting appel-lees’ motion to strike her motion for temporary relief. The trial court granted the motion to strike based on a prior agreement between the parties, which purportedly was non-modifiable and had settled all pre-trial temporary relief issues. Im her motion for temporary relief, appellant alleged legal and equitable grounds upon which to challenge the prior agreement. We reverse.
We find that the trial court erred in granting the motion to strike without affording appellant an evidentiary hearing to attempt to prove the factual basis for her challenges to the validity and application of the prior agreement, which purported to settle the temporary relief issues. Alternatively, if the trial court had determined that the grounds challenging the prior agreement were legally insufficient, and that the existence of the prior agreement alone served to defeat any claim for temporary relief,. the appellant’s motion should have been denied on its face since no amount of evidence would have been relevant to the outcome of the hearing.
In conclusion, based on our review of the pleading at issue, there was simply no legal basis upon which to strike appellant’s motion for temporary relief. See Fla. Fam. L.R.P. 12.150; Fla. R. Civ. P. 1.150(a)(court may strike “sham” pleading); see also Fla. Fam. L.R.P. 12.140; Fla. R. Civ. P. 1.140(f)(court may “strike” redundant, immaterial, impertinent or scandalous matter from a pleading). A motion to strike should rarely be used to challenge the merits of a pleading. Cf. Van Valkenberg v. Chris Craft Indus., Inc., 252 So.2d 280, 284 (Fla. 4th DCA 1971)(stating that “a motion to strike is not favored and is viewed with skepticism”), quashed on other grounds, 267 So.2d 642 (Fla.1972). Here, the trial court’s failure to enter a written order ruling on the merits of the motion for temporary relief *831 was error, and additionally, frustrates appellate review.
REVERSED and REMANDED.
GUNTHER and HAZOURI, JJ., concur.