SHEPHERD, J.
 

 Appellant, Sanford Bosem, appeals the trial court’s order granting final summary judgment in favor of his PIP provider, Commerce and Industry Insurance (“C & I”), following Bosem’s initiation of suit to recover unpaid insurance benefits for medical expenses and lost wages purportedly resulting from an automobile accident. We find the trial court correctly ruled C & I was entitled to judgment as a matter of
 
 *945
 
 law, and affirm the order on appeal. However, in concluding C
 
 &
 
 I was entitled to a statutory fee award, we reverse the order denying attorney’s fees, and remand for a determination as to amount.
 

 Sanford Bosem, a licensed Florida attorney, contends the trial court erred in disposing of this case on summary judgment where allegations of fraud were at issue. Ordinarily, we would agree with Bosem that cases centering on allegations of fraud are unsuitable for summary judgment,
 
 see Burton v. Linotype Co.,
 
 556 So.2d 1126, 1128 (Fla. 3d DCA 1989); however, we have before us the extraordinary case where the facts evidencing fraud are so clear from the record that entry of summary judgment is not only appropriate, but compelled.
 
 See Stephens v. Kies Oil Co., Inc.,
 
 386 So.2d 1289, 1290 (Fla. 3d DCA 1980).
 

 Despite Bosem’s eleventh-hour attempts to alter his position in response to Appellee’s affirmative defenses, counterclaims and motion for summary judgment, the facts of this case are clear. Appellant sought insurance benefits under the guise of “lost wages,” despite full compensation by his employer for a year’s worth of income. Furthermore, his calculation of weekly earnings was immensely exaggerated.
 
 [1]
 
 It also was not until his suit was threatened by allegations of fraud that he began re-characterizing his claim as one of “loss of earning capacity,” as opposed to “lost wages,” notwithstanding the absence of any plausible evidence in support of this position.
 

 Bosem further seeks reversal on the notion his insurance claim amounts to two separate and distinct claims—one for medical expenses and one for lost wages— and fraudulent misrepresentations as to one claim do not vitiate coverage on the other. Section 627.736(4)(g), Florida Statutes (2006), states in pertinent part: “any insurance fraud shall void all coverage arising from the claim related to such fraud under the personal injury protection coverage of the insured person who committed the fraud.” (Emphasis added). In harmony with this statutory provision, the fraud provision in C & I’s insurance policy sets forth: “any insurance fraud shall void all personal injury protection coverage arising from the claim with respect to the insured who committed the fraud.” Bosem’s contention that the purported fraud is only “related to,” and only “arises from” claims for lost wages, and is separate and apart from the claims for medical expenses, is contrary to a commonsense reading of the language of these provisions, as well as to public policy considerations. Fraud provisions are enacted to provide a disincentive to individuals considering the commission of such misrepresentations. Allowing for payment of one portion of a claim would nonsensically allow an insured to engage in a “cost-benefit analysis” with respect to the contemplation of such fraud. The “arising from” and “relating to” language clearly seeks to encompass all claims pertaining to a single event resulting in purported losses. On this record, we unreservedly affirm the trial court’s order granting final summary judgment in favor of C & I.
 

 As to the issue on cross-appeal, we agree with Appellee’s assertion the trial court erred in denying its claim for attorney’s fees and costs. C & I offered to settle this case by taking judgment against it in the sum of $250 pursuant to Section 768.79 of the Florida Statutes—Offer of
 
 *946
 
 Judgment and Demand for Judgment. The statute allows the court, in its discretion, to deny an award of attorney’s fees, but only if it determines that a qualifying offer “was not made in good faith.”
 
 See TGI Friday’s, Inc. v. Dvorak,
 
 663 So.2d 606, 612 (Fla.1995) (emphasis added). Here, there is no evidence C & I’s offer was not made in good faith, and the trial court made no finding to that effect, as evidenced by the written order denying fees. We, therefore, reverse the order denying fees and remand this cause for a determination of the amount of attorney’s fees and costs reasonably incurred by C & I.
 

 Affirmed in part, reversed in part and remanded.
 

 [1]
 

 . Bosem's own exhibits evidence a salary package involving a twelve-month consulting contract (fifty-two weeks), while his sworn testimony evidences he divided his total consulting salary by thirteen weeks in order to arrive at his weekly earnings claim.