WELLS, Chief Judge.
Silvana Gonzalez appeals from a summary final judgment of foreclosure claiming that the court below erred in striking her sole affirmative defense which would have precluded entry of judgment against her. We affirm in part and reverse in part for the reasons that follow.
This is an action to foreclose a mortgage and to collect on a promissory note, both of which admittedly were executed by Silvana Gonzalez and her husband, Vladimir. After the Gonzalez’s initial affirmative defenses were stricken (and are not at issue here), Silvana filed a single defense claiming that NAFH National Bank, the owner and holder of the note and mortgage at issue here, was barred from enforcing these instruments because the bank had violated the anti-discrimination provisions of the Equal Credit Opportunity Act, 15 U.S.C. § 1691 (ECOA), by forcing her to *1056 sign the note and mortgage that her husband had financially qualified for:
As a First Affirmative Defense, Defendant, Silvana P. Gonzalez, asserts that the Plaintiff is barred from enforcing the Note and Mortgage against her because the Plaintiff violated the antidis-crimination provisions of the Equal Credit Opportunity Act (ECOA). The general purpose of the ECOA is to eradicate credit discrimination against any credit applicant, on the basis of sex or marital status. More particularly, the ECOA prohibits creditors from requiring “the signature of an applicant’s spouse or any other person, other than a joint applicant, on any credit instrument if the applicant qualifies under the creditor’s standards of creditworthiness.” 12 C.F.R. 202.7(d)(1). Silvana P. Gonzalez was forced to sign the Note and Mortgage by Plaintiff for no other reason than the fact that she is the spouse of Defendant, Vladimir Gonzalez. Although Defendant, Vladimir Gonzalez, qualified under the Plaintiffs standards of creditworthiness, the Plaintiff required that Silvana P. Gonzalez sign the Note and Mortgage despite not requiring, requesting or reviewing her financial statements. Clearly, the Plaintiff only required Silvana P. Gonzalez to join in the Note and Mortgage because she was married to Defendant, Vladimir Gonzalez. This is precisely the type of creditor practice that is prohibited by the ECOA and accordingly, the Plaintiff cannot enforce the Note and Mortgage against Silvana P. [Gonzalez.]
One week later, NAFH moved to strike this affirmative defense, arguing that the Gonzalezes had not provided any evidence to support it:
Defendants have offered no specific facts nor any evidence in support of their baseless and conclusory allegation that Plaintiff violated the ECOA, nor have Defendants produced any evidence demonstrating that Defendant, Vladimir Gonzalez, had qualified and was approved for the loan that is the subject of this action prior to his spouse, Silvana P. Gonzalez, being included as a co-borrower.
NAFH further claimed in its motion to strike that certain documents which were not part of the record, but which were attached to its motion, proved that the ECOA did not apply to the note and mortgage at issue. Based on these documents — a redacted copy of a joint financial statement purportedly submitted by the Gonzalez’s in connection with the loan and a letter purportedly signed by Mrs. Gonzalez asking to be included as a borrower on the loan — NAFH argued that Mr. Gonzalez’s creditworthiness had not been evaluated independently and that Mrs. Gonzalez was a co-borrower. NAFH later filed a memorandum in support of its motion to strike, wherein it again argued that “[n]o evidence has been produced by Defendants in support of this defense.” In addition to the documents attached to its prior motion, NAFH attached a copy of Mrs. Gonzalez’s deposition testimony to its memorandum, which was also not otherwise a part of the record.
The trial court entered an order striking the affirmative defense with prejudice on or about June 1, 2011, and it entered summary final judgment against both Silvana and Vladimir shortly thereafter. Silvana alone appeals from that judgment, claiming that her defense was legally sufficient and that the court below erred in considering facts outside the pleadings to justify striking it.[1] We agree. Florida *1057 Rule of Civil Procedure 1.140(f) provides that “[a] party may move to strike or the court may strike redundant, immaterial, impertinent, or scandalous matter from any pleading at any time.” “A motion to strike a defense tests only the legal sufficiency of the defense.” Bums v. Equipase Corp., 357 So.2d 786, 787 (Fla. 3d DCA 1978). “Where ... a defense is legally sufficient on its face and presents a bona fide issue of fact, it is improper to grant a motion to strike.” Hulley v. Cape Kennedy Leasing Corp., 376 So.2d 884, 885 (Fla. 5th DCA 1979) (citations omitted); Citizens & S. Realty Investors v. Lastition, 332 So.2d 357, 358 (FI. 4th DCA 1976) (reversing an order striking an affirmative defense where “[t]he defense was legally sufficient upon its face and, as reflected, there were evident, bona fide and critical issues of fact ... created”); Pentecostal Holiness Church, Inc. v. Mauney, 270 So.2d 762, 769 (Fla. 4th DCA 1972) (finding that a Rule 1.140(f) motion to strike “should only be granted if material is wholly irrelevant, can have no bearing on the equities and no influence on the decision”). An affirmative defense may not be stricken “merely because it appears to a judge that the defendant may be unable to produce evidence at trial to sustain such a defense.” Bay Colony Office Bldg. Joint Venture v. Wachovia Mortgage Co., 342 So.2d 1005, 1006 (Fla. 4th DCA 1977).
In this case, Mrs. Gonzalez claimed that her husband alone was the borrower and that, although he was independently creditworthy, she was required to execute a note and mortgage so that he could secure the loan, all in violation of the ECOA which prohibits creditors from requiring “the signature of an applicant’s spouse or any other person, other than a joint applicant, on any credit instrument if the applicant qualifies under the creditor’s standards of creditworthiness.” 12 C.F.R. § 202.7(d). NAFH did not challenge the legal sufficiency of this defense in the lower proceedings. It neither argued that this Act cannot be asserted as an affirmative defense to an action to collect on a promissory note or to foreclose a mortgage, nor argued that this Act cannot, as a matter of law, preclude recovery on an action to collect on a note and to foreclose a mortgage. Rather, NAFH challenged only the Gonzalez’s purported lack of evidence to support their defense and then provided non-record evidence allegedly demonstrating that they could not prevail on this defense. This was not an appropriate basis for striking this defense.
Nevertheless, while we agree that the affirmative defense should not have been stricken after what amounted to a paper mini-trial, we further find that the defense is legally insufficient as it relates to NAFH’s mortgage foreclosure claim. Contrary to her suggestion, it was not discriminatory for the creditor to require her signature on the instant mortgage. As pertinent here, section 1691d of the ECOA states.that requests for a spouse’s signature “for the purpose of creating a valid lien, passing clear title, waiving inchoate rights to property, or assigning earnings, shall not constitute discrimination ” under the Act. 15 U.S.C. § 1691d(a) (emphasis added); see also 12 C.F.R. § 202.7(d)(1) (stating “[ejxcept as provided in this paragraph, a creditor shall not require the signature of an applicant’s spouse ... on any credit instrument if the applicant” is creditworthy for the amount and terms requested) (emphasis added); 12 C.F.R. § 202.7(d)(4) (confirming that with regard to “secured credit, a creditor may require the signature of the applicant’s spouse ... on any instrument necessary, or reasonably believed by the creditor to be necessary ... to make the property being of *1058 fered as security available to satisfy the debt in the event of a default, for example, an instrument to create a valid lien, pass clear title, waive inchoate rights, or assign earnings”).
The property being offered as security to satisfy the debt at issue here, as the answer to the complaint admits, was jointly owned by Silvana and Vladimir Gonzalez, who are husband and wife. It was, therefore, not just reasonable but prudent for the creditor bank to have Silvana execute the mortgage[2] so as to create a valid lien against this property to assure payment in the event of a default. Under the circumstances, even if this defense had not been stricken, the ECOA would not, as a matter of law, bar entry of judgment against Silvana on the mortgage foreclosure count. See United States v. Joseph Hirsch Sportswear, Co., No. 85-CV-1546, 1989 WL 20604, at *2 (E.D.N.Y. Feb. 28, 1989) (holding that execution of mortgages by spouses to establish valid liens is a “practice that does not violate the ECOA”) (citing 15 U.S.C. § 1691d(a)).
We therefore affirm that portion of the final summary judgment against Mrs. Gonzalez foreclosing the mortgage at issue. However, we reverse that portion of the judgment against her on the promissory note claim and remand for reinstitution of her affirmative defense as to that claim without prejudice to the bank to raise any avoidances available under the law.
Affirmed in part, reversed in part, remanded for further proceedings consistent with this opinion.

. The same cannot be said about the judgment against Mr. Gonzalez. Because he has *1057 not appealed from the judgment as to him, it stands.

. A mortgage by definition is a “written instrument providing security for performance of a duty or payment of a debt” which, when recorded, gives rise to a lien on the mortgaged property. See Transcon Trailers, Inc. v. Northland. Ins. Co., 436 So.2d 380, 382 (Fla. 5th DCA 1983) (quoting Black’s Law Dictionary at 911); see Guaranty Title & Trust Co. v. Thompson, 93 Fla. 983, 113 So. 117 (1927).