COHEN, J.
William H. Muntzing, III (“Muntzing”), appeals from the trial court’s entry of final summary judgment in favor of Global Discoveries Ltd., LLC (“Global”), in Global’s action to establish its entitlement to the excess proceeds from the tax deed sale of Muntzing’s property. Muntzing raises several issues on appeal, only one of which merits discussion. He argues summary judgment was improper because a disputed material fact existed as to whether Global had a valid lien on the property.[1] We disagree and affirm.
Due to Muntzing’s failure to pay property taxes, his Osceola County property was sold at a tax deed' sale. Regions Bank, which held a mortgage on the property, subsequently assigned to Global its right to the excess proceeds from the sale. Seeking distribution of those proceeds, Global submitted to the Osceola County Clerk of the Circuit Court á notarized statement of claim setting forth the amount due and owing under the mortgage. For reasons' not relevant to this appeal, the Clerk refused to release the excess proceeds to Global, prompting Global to file suit seeking to establish its right to the funds.
Global thereafter moved for summary judgment, submitting as evidence the mortgage on Muntzing’s property, the mortgagee’s assignment of its right to the excess proceeds to Global, and the notarized statement of claim. In opposing the motion, Muntzing submitted a sworn affidavit stating that Global had not offered as evidence the promissory note underlying the mortgage. After a hearing, the trial court entered summary judgment, finding that Global had established its right to the proceeds.
On appeal, Muntzing reasserts his position below that Global was required to submit the promissory note to establish it had a valid lien. We disagree. The mortgage itself constituted the lien on the property. See Gonzalez v. NAFH Nat'l Bank, 93 So.3d 1054, 1058 n. 2 (Fla; 3d DCA 2012) (“A mortgage by definition is a written instrument providing security for performance of a duty or payment of a debt *692 which, when recorded, gives rise to a lien on the mortgaged property.” (quotation omitted)). By submitting evidence that it was the assignee of the senior mortgagee and that it had submitted a statement of claim to the Clerk, Global established its entitlement to the excess proceeds as a matter of law. See §§ 197.'502(4), 197.522(l)(a), 197.582(2), Fla. Stat. (2012); Fla. Admin.Code R. 12D-13.065(3) (“Any valid lien in the property is entitled to payment before any payment is made to the titleholder of record.”); Fla. Admin. Code R. 12D-13.065(4) (providing that party seeking distribution of excess proceeds must submit notarized statement of claim to the Clerk of the Court, setting forth “the particulars of [the] lien, and the amounts currently due.... ”); Fla. Admin. Code R. 12D-13.065(6) (providing statements of claim are to be paid according to priorities of recordation). Accordingly, we affirm.
AFFIRMED.
PALMER and LAWSON, JJ., concur.

. Most of the other issues raised by Muntzing were not raised below and thus were not preserved for appellate review. See Keech v. Yousef 815 So.2d 718, 719-20 (Fla. 5th DCA 2002).