NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

PARRISH & YARNELL, P.A.,      )
           )
     Appellant,        )
           )
v.           )     Case No. 2D14-3239
           )
SPRUCE RIVER VENTURES, LLC,   )
           )
     Appellee.        )
_____)

Opinion filed December 11, 2015.

Appeal from the Circuit Court for Charlotte
County; Lisa S. Porter, Judge.

Jon D. Parrish and Davis P. Fraser of
Parrish, White & Yarnell, P.A., Naples, for
Appellant.

Edmond E. Koester and David Kerem of
Coleman, Yovanovich & Koester, P.A.,
Naples, for Appellee.


KHOUZAM, Judge.


Parrish & Yarnell, P.A., appeals the circuit court's order granting Spruce

River Ventures, LLC's motion to strike charging and retaining lien. Because it was

improper for the court to strike the charging and retaining lien on its merits without

taking any evidence, we must reverse and remand for a full evidentiary hearing.

The record shows that Parrish & Yarnell represented Spruce River, the plaintiff in a real estate dispute involving approximately thirty acres of land located on the Intracoastal Waterway in Charlotte County. The litigation began in 2004 when Spruce River sued seventeen defendants, mostly alleged owners of the property.

On August 13, 2012, one of the defendants moved to disqualify Attorney Jon D. Parrish, alleging that he had violated several of the Rules Regulating the Florida Bar. Attorney Parrish filed a motion to withdraw on February 27, 2013, requesting withdrawal due to "irreconcilable differences." A hearing was held, at which Attorney Parrish reiterated that he had a conflict of interest but that he could not reveal the details. The court granted his motion to withdraw.

In March 2013, Parrish & Yarnell gave notice of asserting a charging and retaining lien on any proceeds derived in the action in an amount equal to all outstanding attorney's fees and costs incurred in representing Spruce River. Spruce River moved to strike the charging and retaining lien, claiming that it was based on a contingency fee agreement, that the contingency provided for in the agreement (that "a recovery is made") had not been satisfied, and that Parrish & Yarnell was not entitled to recovery because the firm had voluntarily withdrawn from the case.

About a year later, Parrish & Yarnell filed a petition to enforce the charging and retaining lien, stating that an agreed order adopting a stipulation for dismissal had been entered in the case on February 3, 2014. Pursuant to the stipulation, $221,317.79 had been released from the court registry to Spruce River, and Spruce River still owed Parrish & Yarnell at least $102,972.53. Parrish & Yarnell noted that "Plaintiff and

Petitioner arguably entered into a contingency fee agreement, and based on the terms of the contingency fee agreement, Plaintiff owes $118,615.39."

Spruce River responded, admitting that it had received $221,317.79 pursuant to the stipulation for dismissal but arguing that that amount was simply a returned deposit as opposed to a recovery. Spruce River raised four affirmative defenses: (1) that the petition to enforce the charging and retaining lien was barred by the Rules Regulating the Florida Bar, (2) that Spruce River was entitled to a set-off for any malpractice damages caused by Parrish & Yarnell, (3) that the petition was barred by the doctrine of unclean hands, and (4) that the petition was barred by the doctrine of waiver and estoppel stemming from Parrish & Yarnell's voluntary withdrawal from the case.

Spruce River filed a notice of hearing on the motion to strike, specifying that the issue before the court was whether Parrish & Yarnell was entitled to the charging lien as a matter of law and requesting a two-day evidentiary hearing if the court declined to strike the lien on that basis. At the hearing, the parties presented legal arguments but no evidence was presented. Parrish & Yarnell requested an evidentiary hearing, and Spruce River reiterated that an evidentiary hearing would be appropriate if the court found the charging and retaining lien legally sufficient. Nonetheless, the court granted Spruce River's motion to strike, reasoning that Parrish & Yarnell was not entitled to a charging lien because there was no recovery and Attorney Parrish had withdrawn from the case. The court specifically noted that it had made its decision "strictly taking judicial notice of the case file and all the documents that have been filed."

- 3 -

We conclude that the court erred in addressing the issue of Parrish & Yarnell's entitlement to a charging lien on its merits at the hearing on Spruce River's motion to strike. Both parties agreed that evidence should be taken if the court determined that the lien was not insufficient as a matter of law. A motion to strike may be used to challenge the legal sufficiency of a defense; assert that a pleading or part thereof is a sham; or remove from any pleading matter that is "redundant, immaterial, impertinent, or scandalous." See Fla. R. Civ. P. 1.140(b), (f); 1.150(a); see also Philip J. Padovano, Florida Civil Practice § 7:30 (2015-16 ed.) ("The most common uses of a motion to strike are: (1) to remove improper or irrelevant allegations in a pleading that is otherwise proper; (2) to challenge a pleading on the ground that it is a sham; (3) to impose a sanction against an opposing party for violation of a court order; and (4) to preclude the use of an affirmative defense that is legally insufficient."). But "[a] motion to strike should rarely be used to challenge the merits of a pleading." Boswell v. Boswell, 877 So. 2d 829, 830 (Fla. 4th DCA 2004); see also Upland Dev. of Cent. Fla., Inc. v. Bridge, 910 So. 2d 942, 944-45 (Fla. 5th DCA 2005) ("[A] hearing on a motion to strike a pleading as sham is not for the purpose of trying the issues, but rather serves the purpose of determining whether there are any genuine issues to be tried.").

Moreover, because a motion to strike only tests the legal sufficiency of a claim, it is reversible error for a court to grant a motion to strike where the pleading presents a bona fide issue of fact that may be supported by evidence. See Gonzalez v. NAFH Nat'l Bank, 93 So. 3d 1054, 1057 (Fla. 3d DCA 2012). A claim should not be stricken simply because the judge believes that its proponent will ultimately be unable to produce sufficient evidence to support it. See id. To the contrary, the trial court must

resolve all doubts in favor of the pleading and keep in mind that striking a pleading is an extreme measure that is disfavored. <u>Upland</u>, 910 So. 2d at 944.

Here, the record shows that the issue of whether Parrish & Yarnell is entitled to a charging and retaining lien turns on several factual questions, such as whether there was a recovery in this case, whether the fee agreement provided for a contingent or hourly fee, whether Attorney Parrish withdrew from the case voluntarily, and whether the allegations of misconduct against Attorney Parrish should effect his entitlement to fees. The court made factual determinations based on the record before it and addressed the merits of Parrish & Yarnell's claim that it was entitled to a charging and retaining lien—as well as Spruce River's affirmative defenses—without giving the parties the opportunity to present evidence. This was inappropriate on a motion to strike, where the only issue should have been the legal sufficiency of Parrish & Yarnell's claim to the lien. Accordingly, we reverse and remand for a full evidentiary hearing to be held.

Reversed and remanded for an evidentiary hearing.

SALARIO and BADALAMENTI, JJ., Concur.