DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**B. ADAM BERLIN,** individually and as trustee of the B. Adam Berlin Revocable Trust dated April 11, 2007, and as trustee of the B. Adam Berlin 2009 Irrevocable Trust dated December 29, 2009, **CHARLES L. LAFEVERS, JR.,** individually and as trustee of the Charles L. LaFevers, Jr. Trust, dated January 6, 1995, **SUSAN E. BERLIN,** individually and as trustee of the Susan Berlin Green 2009 Irrevocable Trust dated December 29, 2009,
Appellants,

v.

**STATE OF FLORIDA DEPARTMENT OF TRANSPORTATION,**
Appellee.

No. 4D18-3057

[January 8, 2020]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Janet Carney Croom, Judge; L.T. Case No. 562016CA000612.

Michael J. Tomkiewicz, Gino A. Luzietti and Ashley H. Lukis of GrayRobinson, P.A., Tallahassee, for appellants.

Marc Peoples, Assistant General Counsel, Department of Transportation, Tallahassee, for appellee.

WARNER, J.

After a stipulated final judgment was entered in a condemnation case, appellants filed a claim for attorneys' fees. The appellee Department of Transportation moved to strike the claim on grounds it failed to meet the requirements of section 73.092(1)(b), Florida Statutes (2017). The trial court agreed and struck the claim, prompting this appeal. Because the motion was legally sufficient, we reverse.

The DOT sought to condemn a portion of appellants' property for a road widening project along Kings Highway in St. Lucie County. The project included construction of a retention pond and truck turnaround "jug handle," which would allow large trucks to make U-turns. This would cut

off access to Kings Highway from the property. DOT made a formal offer to appellants which included an amount for taking the jug handle. Appellants believed that the loss of access would cause millions of dollars in severance damage to the remainder of their property, making it less valuable for commercial development. The DOT appraisals, however, did not recognize any severance damages. DOT filed a condemnation action and obtained a quick taking but the amount of the good faith deposit of $208,000 did not include severance damages.

Appellants produced an appraisal showing millions of dollars in severance damages, and the parties scheduled a mediation. Minutes before the mediation, the DOT presented a revised project which eliminated the jug handle. Mediation proceeded and the DOT representative asked whether the removal of the truck turnaround would eliminate the multi-million dollar severance claim. Appellants' counsel agreed that it would, and they would drop their severance damage claim if the truck turnaround were removed. The mediation ended. Subsequently, the DOT revised its right-of-way map to eliminate the jug handle. At a second mediation, the parties agreed to $441,349.20 as full compensation for the taking. Removal of the truck turnaround from the DOT plan was an express condition of settlement. Appellants reserved the right to seek attorneys' fees based upon non-monetary benefits.

After the entry of a final judgment, which incorporated the settlement reached at mediation, appellants filed a motion seeking attorneys' fees pursuant to section 73.092(1)(b), Florida Statutes (2017). The DOT filed a motion to strike appellants' motion to tax attorneys' fees and costs on grounds it failed to meet the requirements of section 73.092(1)(b), Florida Statutes, because the efforts of the attorneys had not produced the non-monetary benefit of eliminating the jug handle; rather, the change was due solely to DOT's efforts. Section 73.092(1) and subsection (b) provide:

> (1) Except as otherwise provided in this section and s. 73.015, the court, in eminent domain proceedings, shall award attorney's fees based solely on the benefits achieved for the client.
>
> (a) As used in this section, the term "benefits" means the difference, exclusive of interest, between the final judgment or settlement and the last written offer made by the condemning authority before the defendant hires an attorney. If no written offer is made by the condemning authority before the defendant hires an attorney, benefits must be measured from the first written offer after the attorney is hired.

2

. . . .

    (b) The court may also consider nonmonetary benefits obtained for the client through the efforts of the attorney, to the extent such nonmonetary benefits are specifically identified by the court and can, within a reasonable degree of certainty, be quantified.

At the hearing on the motion to strike, the DOT argued that appellants' attorney had not requested the removal of the jug handle and that the change was solely the result of efforts by the DOT. Appellants objected that a motion to strike was procedurally improper. Moreover, appellants argued that an evidentiary hearing was required because of factual issues. Counsel also explained the efforts that they had made to increase the compensation, including obtaining the non-monetary benefit of eliminating the jug handle. Nevertheless, the court granted the motion to strike, determining that the appellants had failed to meet the requirements of the statute. Appellants have filed this appeal.

Appellants contend that the court erred by striking their motion for attorneys' fees. We agree. Florida Rule of Civil Procedure 1.140(f) provides:

    (f) Motion to Strike. A party may move to strike or the court may strike redundant, immaterial, impertinent, or scandalous matter from any pleading at any time.

Thus, the purpose of a motion to strike is not to test the merits of the pleading. "[B]ecause a motion to strike only tests the legal sufficiency of a claim, it is reversible error for a court to grant a motion to strike where the pleading presents a bona fide issue of fact that may be supported by evidence." *Parrish & Yarnell, P.A. v. Spruce River Ventures, LLC*, 180 So. 3d 1198, 1200 (Fla. 2d DCA 2015).

Here, the appellants' motion was legally sufficient to allege a claim for attorneys' fees. It was basically a bare-bones motion citing to the statutes which authorized an award of attorneys' fees in condemnation cases. After the DOT challenged an award based upon non-monetary benefits, which were not mentioned in the motion itself, appellants identified evidence of their successful efforts to remove the turnaround. And they asserted that the evidence supported that they successfully defended against the "jug handle" turnaround.

3

The DOT did not point to a legal insufficiency at the hearing, but instead contended that the removal was not the result of the efforts of appellants' counsel. What the DOT raised was an evidentiary issue, not a question of the sufficiency of the pleading. In a comparable case, *Gonzalez v. NAFH National Bank*, 93 So. 3d 1054 (Fla. 3d DCA 2012), a bank filed a motion to strike a defendant's affirmative defense in a mortgage foreclosure case because the borrowers had not provided evidence to support it. The trial court granted the motion to strike and then entered summary judgment. *Id.* at 1056. The appellate court reversed, explaining that the motion to strike tests only the legal sufficiency of the defense. Where a defense is legally sufficient on its face and presents a bona fide issue of fact, it is improper to grant a motion to strike. An affirmative defense may not be stricken merely because it appears to a judge that the defendant may be unable to produce evidence at trial to sustain such a defense.

Similarly in the present case, the issue of whether counsel produced non-monetary benefits should not have been decided in a non-evidentiary hearing on a rule 1.140(f) motion to strike. The DOT did not contend that the attorneys could not pursue payment for a non-monetary benefit under the statute; rather, it argued that appellants failed to show a non-monetary benefit because the DOT had acted on its own, not because of appellants' counsels' efforts. That was clearly a disputed issue of fact and required an evidentiary showing in order for the trial court to rule on the merits.

We therefore reverse and remand for further proceedings on the motion for attorneys' fees.

TAYLOR and CONNER, JJ., concur.

*  *  *

***Not final until disposition of timely filed motion for rehearing.***