# Third District Court of Appeal

## State of Florida

Opinion filed July 20, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D21-0033 & 3D21-0377
Lower Tribunal Nos. 19-63 AP, 10-11718 SP

_____

**Star Casualty Insurance Company,**
Appellant,

vs.

**Gables Insurance Recovery, Inc.,**
**a/a/o Ana Maria Correa,**
Appellee.


Appeals from the County Court for Miami-Dade County, Linda Melendez, Judge.

Cole, Scott & Kissane, P.A., and Michael A. Rosenberg and Laurence Cancel (Plantation), for appellant.

The Billbrough Firm, and G. Bart Billbrough, for appellee.


Before SCALES, GORDO and BOKOR, JJ.

BOKOR, J.

In these consolidated appeals from a personal injury protection (PIP) action, Star Casualty Insurance Company appeals a summary final judgment and attorney fee award entered in favor of Gables Insurance Recovery, Inc., as assignee of Star Casualty's insured, Ana Maria Correa. Star Casualty alleges that the trial court erred by granting summary judgment due to genuine issues of material fact concerning whether Correa's medical bills for diagnostic imaging procedures were medically necessary and related to the underlying accident for purposes of section 627.736, Florida Statutes. Additionally, Star Casualty alleges that the trial court reversibly erred by striking four affirmative defenses from its amended answer that could have exempted it from liability for the claim. We agree as to both issues.

**FACTS**

Correa was involved in a vehicle accident on January 19, 2009 and sustained injuries. Subsequently, Correa received diagnostic imaging procedures costing a total of $3,375.00, and Gables, as her assignee, submitted a claim to the insurer for reimbursement of eighty percent of the reasonable medical expenses pursuant to section 627.736(1)(a). After the insurer paid only $400.71 and denied the remainder of the claim, Gables sued to recover the remaining costs.

2

Gables later moved for summary judgment as to the issues of the reasonableness, relatedness, and medical necessity of the costs. In opposition, Star Casualty proffered an affidavit by Edward A. Dauer, M.D., opining that the charges were not medically necessary or related to the accident. This affidavit also noted that three of the imaging procedures performed on Correa appeared to have been improperly upcoded or unbundled with other procedures.[1]

Based on Dr. Dauer's affidavit, Star Casualty also amended its answer to add affirmative defenses asserting that it was exempt from paying the entire claim pursuant to sections 627.736(4)(h) and 627.736(5)(b)1. because the three charges were fraudulent, upcoded, or unbundled. Prior to the summary judgment hearing, Gables voluntarily withdrew its claims for reimbursement of the three charges Star Casualty based its affirmative defenses on. Gables then moved to strike the defenses from Star Casualty's answer, alleging that the withdrawal of the claims for those three charges made the corresponding defenses irrelevant and moot.

---

[1] "'Upcoding'" means an action that submits a billing code that would result in payment greater in amount than would be paid using a billing code that accurately describes the services performed." § 627.732(14), Fla. Stat. "'Unbundling'" means an action that submits a billing code that is properly billed under one billing code, but that has been separated into two or more billing codes, and would result in payment greater in amount than would be paid using one billing code." Id. (15).

3

The trial court, concluding that Dr. Dauer's affidavit related solely to the reasonableness of the charges and did not create any genuine dispute of material fact as to relatedness and necessity, granted partial summary judgment on the relatedness and necessity issues and granted Gables' motion to strike the affirmative defenses. Star Casualty then stipulated to the remaining issue of reasonableness, and the court entered a final judgment and an award of attorney fees and costs in favor of Gables soon after. This appeal followed.

## ANALYSIS

Summary judgment is appropriate only where no genuine issue of material fact exists and the movant is entitled to prevail as a matter of law. See, e.g., Moore v. Morris, 475 So. 2d 666, 668 (Fla. 1985). Under the applicable standard of review,[2] the courts "must draw every possible inference in favor of the party against whom summary judgment is sought," and "summary judgment should not be granted unless the facts are so crystallized that nothing remains but questions of law." Id. "If the evidence

---

[2] The Florida Supreme Court has recently held that appellate courts should utilize the federal standard of review articulated in Celotex Corp. v. Catrett, 447 U.S. 317 (1986) when reviewing summary judgments rendered after May 1, 2021. See In re Amendments to Florida Rule of Civil Procedure 1.510, 309 So. 3d 192, 194 (Fla. 2020). As the judgment appealed here occurred before that date, we instead apply the former standard articulated above.

raises any issue of material fact, if it is conflicting, if it will permit different reasonable inferences, or if it tends to prove the issues, it should be submitted to the jury as a question of fact to be determined by it." Id.

With respect to the trial court's order striking the affirmative defenses, our review is for abuse of discretion. Am. Integrity Ins. Co. v. Estrada, 276 So. 3d 905, 910 (Fla. 3d DCA 2019). The trial court erred by finding that Dr. Dauer's affidavit did not create a genuine issue of material fact. An issue of fact is "genuine" for summary judgment purposes when a reasonable jury could potentially return a verdict in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251 (1986). A factual dispute is "material" when it may affect the outcome of the case under the applicable substantive law. Id. at 248. Because a summary judgment forecloses the parties' right to a trial, summary judgment should be granted "[o]nly after it has been conclusively shown that the party moved against cannot offer proof to support his position on the genuine and material issues in the cause." Holl v. Talcott, 191 So. 2d 40, 47 (Fla. 1966).

Here, the sole basis for Star Casualty's assertions of a factual dispute as to relatedness and necessity comes from Dr. Dauer's affidavit. In the affidavit, Dr. Dauer opines that the images conducted were "not medically necessary and not related to the accident of 1/19/2009" because "there were

5

no objective findings and documentation to warrant the ordering of the x-rays in this case." The affidavit also speaks to Dr. Dauer's experience and qualifications as a medical doctor with over 40 years of radiological experience, his familiarity with prevailing practices in the industry, and his methodology for concluding that the ordering of the x-rays here did not comport with those practices. Because these findings create a genuine issue of material fact as to relatedness and necessity, the summary judgment must be reversed and remanded. See State Farm Mut. Auto. Ins. Co. v. All X-Ray Diagnostic Servs. Corp., 338 So. 3d 376 (Fla. 3d DCA 2022) (reversing on identical grounds due to similar affidavit by Dr. Dauer).

On remand, we also find that the trial court's order striking Star Casualty's affirmative defenses must be reversed, as the defenses were not wholly irrelevant to the claims in the operative complaint. "A party may move to strike or the court may strike redundant, immaterial, impertinent, or scandalous matter from any pleading at any time." Fla. R. Civ. P. 1.140(f). However, "a Rule 1.140(f) motion to strike 'should only be granted if material is wholly irrelevant, can have no bearing on the equities and no influence on the decision.'" Gonzalez v. NAFH Nat'l Bank, 93 So. 3d 1054, 1057 (Fla. 3d DCA 2012) (quoting in part Pentecostal Holiness Church, Inc. v. Mauney, 270 So. 2d 762, 769 (Fla. 4th DCA 1972)). Further, "[a]n affirmative defense

6

may not be stricken 'merely because it appears to a judge that the defendant may be unable to produce evidence at trial to sustain such a defense.'" Id. (quoting in part Bay Colony Office Bldg. Joint Venture v. Wachovia Mortg. Co., 342 So. 2d 1005, 1006 (Fla. 4th DCA 1977)).

The trial court's reasoning for striking the defenses was based solely on the fact that the claims for reimbursement of the charges relating to those defenses had been voluntarily withdrawn. Conversely, Star Casualty claims that because the defenses asserted fraud, upcoding, and unbundling, such defenses pertained to the remaining charges. See § 627.736(4)(h), Fla. Stat. ("Any insurance fraud voids all coverage arising from the claim related to such fraud under the personal injury protection coverage of the insured person who committed the fraud, irrespective of whether a portion of the insured person's claim may be legitimate . . . ."); Id. (5)(b)1. (providing that "[a]n insurer . . . is not required to pay a claim or charges" that are, inter alia, "upcoded, or that is unbundled when such treatment or services should be bundled"); see also Chiropractic One, Inc. v. State Farm Mut. Auto., 92 So. 3d 871, 874 (Fla. 5th DCA 2012) ("[Section 627.736(5)(b)1.c.] relieves both the insurer and the insured from paying the claims of 'any person who knowingly submits a false or misleading statement relating to the claim or charges.' Although 'claim' and 'charges' are not defined by the PIP statutes,

7

and no cases have been suggested to us that define those terms in the context of PIP claims, it is logical to conclude that the Legislature established that dichotomy to be certain that not only the specific individual offensive 'charges' were invalidated, but also that the entire 'claim,' i.e., the collective of all charges, was invalidated, as well."); Bosem v. Com. & Indus. Ins. Co., 35 So. 3d 944, 945 (Fla. 3d DCA 2010) (concluding that evidence of insurance fraud necessitated summary judgment in favor of provider as to entire PIP claim comprising two "separate and distinct" claims for medical expenses and lost wages, since "[a]llowing for payment of one portion of a claim would nonsensically allow an insured to engage in a 'cost-benefit analysis' with respect to the contemplation of such fraud," and "[t]he 'arising from' and 'relating to' language [in section 627.736(4)(h)] clearly seeks to encompass **all claims** pertaining to **a single event** resulting in purported losses").

The summary judgment is reversed and remanded for further proceedings consistent with this opinion. Necessarily, we also vacate the cost judgment as well. See, e.g., Dooley & Mack Constructors, Inc. v. Buildtec Constr. Grp., Inc., 983 So. 2d 1243, 1244 (Fla. 3d DCA 2008) ("An award of attorney's fees and costs predicated on a reversed or vacated final judgment must also be reversed." (quotation omitted)).

Reversed and remanded.